UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DIRECTV, INC.,**<br>Plaintiff<br><br>vs.<br><br>**ED SOCHA,**<br>Defendant | CASE NO. 303CV0917 AWT<br><br><br><br><br><br>October 1, 2003 |

### ANSWER

The Defendant, Ed Socha ("Socha") hereby answers the DIRECTV, Inc.'s Complaint, dated May 23, 2003, as follows:

1. Socha leaves Plaintiff to its proof.

2. Denied.

3. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore, leaves Plaintiff to its proof.

4. Socha leaves Plaintiff to its proof.

5. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore, leaves Plaintiff to its proof.

6. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore, leaves Plaintiff to its proof.

7. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore, leaves Plaintiff to its proof.

8. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore, leaves Plaintiff to its proof.

9.  Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore, leaves Plaintiff to its proof.

10. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in first part Paragraph 10 and therefore, leaves Plaintiff to its proof; however, Socha denies ever purchasing an illegal pirate access device as alleged in Paragraph 10.

11. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore, leaves Plaintiff to its proof; However, Socha denies ever purchasing anything from Vector Technologies.

12. Denied.

13. Denied.

14. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore, leaves Plaintiff to its proof.

15. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore, leaves Plaintiff to its proof.

16. Denied.

17. Denied.

18. Denied.

19. Socha re-alleges and incorporates by reference its answers to paragraphs 1 through 18.

20. Denied.

21. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore, leaves Plaintiff to its proof.

22. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore, leaves Plaintiff to its proof.

23. Denied.

24. Socha denies the allegation that states and/or implies that the Defendant intercepted and/or used its satellite television signals, and also denies the utilization of the "Pirate Access Devices"; and Defendant is without knowledge as to what DIRECT TV did nor did not do and leaves the Plaintiff to its proof with respect to paragraph 24.

25. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore, leaves Plaintiff to its proof.

26. Socha re-alleges and incorporates by reference its answers to paragraphs 1 through 25.

27. Denied.

28. Denied.

29. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore, leaves Plaintiff to its proof.

30. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore, leaves Plaintiff to its proof.

31. Denied.

32. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore, leaves Plaintiff to its proof.

33. Socha re-alleges and incorporates by reference his answers to paragraphs 1 through 32.

34. Denied.

35. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore, leaves Plaintiff to its proof.

36. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore, leaves Plaintiff to its proof.

37. Denied.

38. Socha denies the allegation that states and/or implies that the Defendant distributed pirate access devices to third parties; and Defendant is without knowledge as to what DIRECT TV did nor did not do and leaves the Plaintiff to its proof with respect to paragraph 38.

39. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore, leaves Plaintiff to its proof.

40. Socha re-alleges and incorporates by reference its answers to paragraphs 1 through 39.

41. Denied.

42. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore, leaves Plaintiff to its proof.

43. Socha is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and therefore, leaves Plaintiff to its proof.

44. Denied.

45. Socha denies the allegation that states and/or implies that Defendant assembled, manufactured or modified a pirate access device; and Defendant is without knowledge as to what DIRECT TV did nor did not do and leaves the Plaintiff to its proof with respect to paragraph 45.

THE DEFENDANT, ED SOCHA

By: *Ed Socha*
Ed Socha (Pro Se)
42 Saw Mill Lane
Plantsville, CT 06479
(860) 620-2276

4

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the Answer was mailed postage prepaid via U.S. Mail on 14 October, 2003 to : the Plaintiff's Counsel, McLaughlin Sacks, LLC, 31 Trumbull Road, Northampton, MA 01060 and Palumbo, Palumbo & Carrington, P.C. 193 Grand Street, P.O. Box 2518, Waterbury, CT 06732.

Dated this 14th Day of October, 2003.

Ed Socha